UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | CASE NO.  C05-211-MJP |
| ) | |
| v. ) | ORDER DENYING MOTION FOR |
| ) | APPOINTMENT OF COUNSEL |
| JOSHUA WILSBACH, et. al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's letter requesting an attorney, which the Court construes as a motion for appointment of counsel.  The Court, having considered the motion and the balance of the record, does hereby find and ORDER:

(1) There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.  Neither factor is dispositive and both must be viewed together before

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 1

1  reaching a decision on request for counsel. *Id.*

2  In his complaint, Plaintiff alleges that his right to inmate safety was violated when
3  a corrections officer called him a rapist. The "rapist" label allegedly caused other
4  inmates to ridicule and torment him and caused several fights during which plaintiff got
5  seriously hurt. Furthermore, Plaintiff alleges that the remaining defendants failed to take
6  any action to protect him.

7  The Court, in its discretion, determines that Plaintiff has not demonstrated that his
8  case involves exceptional circumstances which would warrant appointment of counsel at
9  the present time. Plaintiff has neither demonstrated a likelihood of success on the
10 merits, nor shown he is unable to articulate his claims *pro se*, in light of the complexity
11 of the legal issues.

12 (2) Accordingly, Plaintiff's Motion for appointment of counsel (Dkt. #14) is
13 DENIED.

14 (3) The Clerk is directed to send a copy of this Order to Plaintiff and to the
15 Honorable Marsha J. Pechman

16 DATED this 22nd day June, 2005

MONICA J. BENTON
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2